1  MCGUINN, HILLSMAN & PALEFSKY
   Cliff Palefsky, Bar No. 77683
2  cp@mhpsf.com
   Keith Ehrman, Bar No. 106985
3  keith@mhpsf.com
   Matt Koski, Bar No. 262803
4  mkoski@mhpsf.com
   535 Pacific Avenue
5  San Francisco, California 94133
   Telephone: (415) 421-9292
6  Facsimile: (415) 403-0202

7  Attorneys for Plaintiff
   FERRIS BOULOS
8

9                 UNITED STATES DISTRICT COURT

10        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | FERRIS BOULOS                      | Case No.:  3:22-cv-5716
13 |              Plaintiff,            | Judge:
14 |        vs.                         | Magistrate Judge:
15 | RENEGADE INSURANCE LLC, a Georgia  | **COMPLAINT**
16 | limited liability company,         | **JURY TRIAL DEMANDED**
17 |              Defendant(s).         |

18

19

20

21

22

23

24

25

26

27

28

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

**COMPLAINT**

Plaintiff Ferris ("Boulos" or "Plaintiff"), by and through his undersigned counsel, for his Complaint against Renegade Insurance LLC ("Renegade", "Company", or "Defendant"), states as follows:

**NATURE OF THE ACTION**

1.      This is a federal diversity action involving statutory and common law claims arising under California law.  The action stems from Defendant's employment and termination of Plaintiff—a high-performing employee—in retaliation for Plaintiff repeatedly raising concerns regarding activities by Defendant that Plaintiff reasonably believed constituted violations of *inter alia* the California Insurance Code, California Penal Code, and California Code of Regulations.

**PARTIES**

2.      Plaintiff is an individual who is a citizen of the United States and domiciled in Novato, California.

3.      Defendant Renegade is a Georgia limited liability company licensed and authorized to conduct business in California.  Renegade's principal place of business is in Atlanta, Georgia.  At certain points during Plaintiff's tenure with Defendant, Defendant also did business under *inter alia* the names "Sage", "Covered by Sage", and "Sapere Insurance Services".

**JURISDICTION AND VENUE**

4.      The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendant are citizens of different states and more than $75,000 is in controversy.  The combined value of Plaintiff's damages caused by Defendant's unlawful conduct exceeds $75,000.

5.      The Court has specific personal jurisdiction over Defendant because it has sufficient contacts with the state of California.  Specifically, and of particular importance to Plaintiff's claims, Defendant directed its employees and agents to solicit substantial business in California without those agents possessing the required licenses to do so.  Plaintiff performed a substantial portion of his duties on Defendant's behalf in California, and Defendant's unlawful

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

actions against Plaintiff have caused damages to Plaintiff in this judicial district.

6.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

7.     Plaintiff has a long track record as a highly-accomplished insurance broker, particularly in the California market.  Plaintiff was employed by Renegade from March 2021 until his termination on February 21, 2022.

8.     In approximately February 2021, Plaintiff was hired by Defendant as a "Commercial Lines Broker".  Plaintiff was employed pursuant to an employment contract that was partly written, partly oral and partly implied.  Plaintiff worked primarily from Novato, California.  Plaintiff's annual salary was $65,000.00 and he also was entitled to commissions in the amount of 60% of the value of any new business he brought in and 40% of renewed business.

9.     After less than two months of employment, Plaintiff was promoted in April 2021 to the position of "Director of Construction Operations".  As a result, his annual salary was raised to $80,000.00 and he became entitled also to receive 20% gross commission on sales made by his individual team members, in addition to his receiving his own commissions.

10.     While Plaintiff's title referred to "Construction", Plaintiff has extensive experience selling a much wider range of lines of commercial insurance (including workers compensation, general liability, excess, and automobile coverage) and he did sell these lines during his employment with Defendant.

11.     Furthermore, Plaintiff leveraged his extensive experience and professional network in the insurance industry to build a platform that utilized artificial intelligence tools to search for, identify, collect, and organize leads for potential customers for the insurance products sold by Defendant.  Plaintiff's platform substantially increased the volume of high-quality business leads for both Plaintiff and Defendant's other brokers to pursue.  Plaintiff is informed and believes, and thereon alleges, that Defendant continues to use (and profit from) the platform which Plaintiff built during his employment.

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

12.     Defendant has employees based both throughout the United States and in other parts of the world.  For example, during Plaintiff's tenure with the company, Defendant's Chief Executive Officer ("CEO"), Rasjik Adhikari ("Adhikari"), was based in India; Defendant's Chief Operations Officer ("COO"), Doug Rowe ("Rowe"), was based in Puerto Rico; and Defendant's Agency Director, Tim Smith ("Smith"), was based in Kansas City, MO.  In addition, Defendant employed numerous salespersons based in the Philippines.

13.     California has certain legal and regulatory requirements for entities and insurance brokers who seek to conduct insurance business with California customers.  Plaintiff realized that having employees based in multiple states and abroad who sought to target California-based potential customers meant that each of those employees needed to satisfy California's legal and regulatory requirements for insurance brokers—as well as any parallel requirements in other states.

14.     As a result of his concern, and with the knowledge and support of Defendant, Plaintiff enlisted the services of a law firm during the first months of his tenure to seek guidance regarding Defendant's compliance with various regulatory requirements, such as licensing and distribution issues, as well as the rules governing internationally-domiciled insurance agents.  In approximately late June 2021, the law firm in question provided an invoice for "Insurance Regulatory Advice" to "Sage" in the amount of $3,200.00.  Plaintiff forwarded this invoice to his superiors for payment.

15.     Plaintiff believed and understood that Defendant was failing to conduct its business in compliance with applicable California laws and regulations, especially with respect to Defendant's targeting of potential customers in California, which was Plaintiff's core market. For example, Defendant employed numerous insurance brokers based outside of California who lacked the required licenses from the California Department of Insurance ("CDI") permitting them to broker or sell insurance products in California.  These insurance brokers nevertheless solicited potential customers in California, in violation of the applicable provisions of the California Insurance Code.

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

---

COMPLAINT

4

16.     In addition, Defendant employed telemarketers based in the Philippines who recorded telephone conversations they had with potential customers based in California without the knowledge or permission of the potential customers, in violation of the applicable provisions of the California Penal Code.

17.     At certain times during Plaintiff's employment, Defendant also conducted business in California under an improper name, rather than using the business name it was required to use by the CDI.  For example, in or around early November 2021, Defendant was marketing itself in California under the name "Renegade Insurance, LLC" and conducting business transactions under the name "Covered by Sage, LLC", while it was required to be using the name that appeared on its license from the CDI, "Sapere Insurance Services".  Then, later in Plaintiff's tenure, Defendant used the name "Renegade Insurance, LLC" instead of its required name of "Renegade Agents Insurance Services, LLC", which could have caused potential customers to believe inaccurately that Defendant was itself an insurer, when in fact it was not.

18.     Such were the myriad problems with Renegade's practices that Progressive Insurance notified Renegade in or around late October 2021 that it must "halt quoting or binding new business with all Progressive Lines of Business effective immediately."  Progressive identified eight (8) different activities Renegade agents had been engaging in that violated Progressive's policies, including: a) agents using their own credit card to pay for insurance; b) agents using their personal email in place of the insured's email; c) high rate of incomplete e-signatures; d) high rate of cancellations; e) prior carrier incorrectly identified; f) agents using the wrong address or zip code to skew pricing; g) selecting the wrong business class to secure a lower rate when binding CL business; and h) mismanagement of discounts and supporting documents.

19.     Further, another former employee of Renegade, part of whose responsibilities included providing Certificates of Insurance ("Certificates") for Renegade clients, came to discover when she returned from a vacation that Renegade had provided Certificates to Renegade clients affixed with her signature that she had never seen before.  She had never

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

reviewed said Certificates to ensure they accurately described the terms of the clients' insurance coverage and certainly had not signed them. She complained repeatedly to Renegade about the forged signatures, the potentially inaccurate coverage descriptions, and the potential liability Renegade could face were a client to subsequently invoke coverage terms that were inaccurately presented in the Certificates. Her concerns were never addressed, and to protect herself she subsequently resigned and requested in writing that Renegade rescind and not rely upon any of Certificates with her forged signature.

20.     Plaintiff complained verbally to Adhikari in a meeting in November 2021 regarding what Plaintiff reasonably believed to be Defendant's employees engaging in unlawful activities, such as brokers soliciting business in jurisdictions in which they were not licensed and conducting business in California under an improper name. Plaintiff also requested that he be moved out from under Smith and report directly into Rowe.

21.     Rather than granting Plaintiff's request—and under the pretext of allowing Plaintiff to make a lateral move within the company that would give Plaintiff more autonomy and provide him with additional support to continue to build additional business—Defendant effectively demoted Plaintiff by requiring him to begin reporting to two recent hires who were substantially less-experienced than him: Chris Irion ("Irion") based in Florida and Dustin Baker ("Baker") based in Arizona.

22.     Defendant did not address the unlawful activities about which Plaintiff had complained. In fact, many of these unlawful activities continued unabated. Indeed, during a video call in approximately early February 2022, some of Defendant's employees joked about the issue of unlicensed brokers soliciting business in California

23.     As a result of Defendant's failure to cease engaging in these unlawful activities, Plaintiff complained again about the ongoing unlawful activities during a subsequent meeting with Irion and Baker on approximately February 10, 2022. In response, Irion called Plaintiff a "pariah", and both Irion and Baker accused Plaintiff of not being a "team player". They also threatened to shut down Defendant's business in California, which would have had a substantial

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

negative effect on Plaintiff's sales volume.

24.     Plaintiff was upset by Defendant's failure to take corrective action and, fearing continued retaliation for his efforts to persuade the company to conduct its business in accordance with the law, Plaintiff made a written complaint via email to Defendant's Global Head of Human Resources ("HR") Chris English ("English") on February 16, 2022.  In that email, Plaintiff wrote that he believed that Irion and Baker's hostility towards him was in response to his "efforts to warn them about the company's noncompliance with Department of Insurance regulations and other California Laws."  On February 21, 2022, in retaliation for Plaintiff's complaints, Defendant terminated Plaintiff.

25.     At the time of his termination, Plaintiff was still owed wages from Defendant in the form of underpaid sales commissions from January and February 2022, and was also owed his accrued and unused Paid Time Off ("PTO").  After his termination, Plaintiff engaged in email communications with English regarding Plaintiff's still-unpaid commissions and provided Defendant with documentary evidence of the outstanding commission payments owed to him. Defendant, however, initially refused to pay Plaintiff the amounts owed.

26.     Defendant failed and refused to pay Plaintiff his outstanding commissions and accrued PTO until after Plaintiff had engaged the services of an attorney.  Defendant willfully failed and refused to pay Plaintiff his outstanding commissions until early July 2022, i.e., more than 30 days after Plaintiff's termination.  Plaintiff contends that Defendant still owes him payment for all of his accrued and unused PTO.

**FIRST CAUSE OF ACTION**
**(Violation of California Labor Code § 1102.5)**

27.     Plaintiff incorporates the allegations of ¶¶ 1 through 26 above as if set forth in full herein.

28.     Cal. Lab. Code § 1102.5 prohibits employers from retaliating against an employee for disclosing information to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, where the employee has reasonable cause to believe that the information discloses a violation of state or

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

federal statute, or a violation or noncompliance with a state or federal rule or regulation.

29.     To qualify for whistleblower protection under § 1102.5(b), an employee is not required to use any "magic words" or refer specifically to any particular provision of law.  *Ross v. County of Riverside* (2019) 36 Cal. App. 5th 580, 592–93 ("Although Ross did not expressly state in his disclosures that he believed the County was violating or not complying with a specific state or federal law, Labor Code section 1102.5, subdivision (b), does not require such an express statement.  It requires only that an employee disclose information and that the employee reasonably believe the information discloses unlawful activity.")

30.     Plaintiff satisfied this standard by raising concerns verbally—first directly to Adhikari, and subsequently to Irion, Baker, and English—regarding activities that he reasonably believed constituted the unlawful solicitation of potential California customers, the use of improper business names, and the unlawful recording of potential customers in California by Defendant's employees based abroad, as codified at, *inter alia,* Labor Code § 1102.5; Insurance Code §§ 1631, 1633, and 1724.5; Penal Code § 632, and Cal. Code of Regs. Title 10, § 2050.1.

31.     After making his initial complaints to Adhikari, Plaintiff was effectively demoted and required to report to less-experienced recent hires Irion and Baker.  When he made subsequent verbal complaints to Irion and Baker, they called him a "pariah", accused him of not being a "team player", and threatened his sales business in California.  Left with no other choice, Plaintiff then made a written complaint to English regarding what he reasonably believed to be ongoing unlawful activities.  Mere days later, Defendant further retaliated against Plaintiff by terminating his employment.

32.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and other benefits from Defendants.  Further, Plaintiff has suffered emotional distress and other general damages.

33.     In doing the things alleged herein, Defendant's conduct was despicable, and Defendants acted toward Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)

34.    Plaintiff hereby incorporates by reference the allegations set forth in ¶¶ 1 through 33 as if fully set forth herein.

35.    It is the public policy of the State of California to prohibit employers from discharging employees on account of an employee's opposing and objecting to activities by the employer which the employee reasonably believes may be unlawful, including using unlicensed agents to solicit insurance business in California, conducting business in California under improper names, and recording potential California customers during telephone calls without their consent.  These public policies are embodied in, *inter alia*, Labor Code § 1102.5; Insurance Code §§ 1631, 1633, and 1724.5; Penal Code § 632, and Cal. Code of Regs. Title 10, § 2050.1.

36.    Defendant retaliated against Plaintiff and ultimately terminated Plaintiff on account of Plaintiff's having opposed and objected to activities by Defendant which Plaintiff reasonably believed were unlawful, including Defendant's use of unlicensed insurance brokers to solicit potential customers in California, Defendant's conducting business in California under improper names, and Defendant's unlawful recording of telephone conversations with potential customers in California.  In terminating Plaintiff for these reasons, Defendants terminated Plaintiff in violation of public policy.

37.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and other benefits from Defendant.  Further, Plaintiff has suffered emotional distress and other general damages.

38.    In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

///

///

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

---

COMPLAINT

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

## THIRD CAUSE OF ACTION
### (Violation of California Labor Code §§ 201, 203, and 227.3)

39.     Plaintiff hereby incorporates by reference the allegations set forth in ¶¶ 1 through 38 as if fully set forth herein.

40.     California Labor Code § 201 requires employers to pay employees all wages due immediately following the employer's termination of the employee. Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

41.     Under California law, sales commissions are considered wages for purposes of the Labor Code.  Similarly, under Labor Code § 227.3, accrued and unused PTO are considered wages and must be paid to an employee immediately upon the employee's termination.

42.     Upon Plaintiff's termination, Defendant was required to immediately pay Plaintiff his unpaid commissions and the value of his accrued and unused PTO.  However, following Defendant's termination of Plaintiff, Defendant willfully refused to pay Plaintiff these wages for more than 30 days after his termination.

43.     As a consequence of Defendant's willful failure to timely pay Plaintiff the wages due to him at the time of his termination, Plaintiff is entitled to waiting time penalties under Labor Code § 203 and interest thereon, plus reasonable attorneys' fees and costs, in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

1.  For judgment in favor of Plaintiff and against Defendant;

2.  For economic, compensatory, and punitive damages in an amount to be proven at trial;

3.  For costs of suit;

4.  For attorneys fees, pursuant California Labor Code Sections 218.5 and 1102.5;

---

COMPLAINT

10

5.   For prejudgment interest; and

6.   For such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff FERRIS BOULOS hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  October 4, 2022                                        MCGUINN, HILLSMAN & PALEFSKY

By: _/s/ Cliff Palefsky_
Cliff Palefsky
Attorneys for Plaintiff
Ferris Boulos

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT

11